IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GILBERT FLORES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-431 |
| | § | |
| LOANDEPOT.COM, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant LoanDepot.com, LLC ("LoanDepot.com" or "Defendant") files this Motion to Dismiss in response to Plaintiff Gilbert Flores ("Plaintiff" or "Flores") "("Complaint") [Doc. 1]. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant. In support of the foregoing, Defendant would respectfully show the Court the following:

### I.
### SUMMARY

1. This is Plaintiff's second lawsuit against Defendant in response to the property commonly known as 702 Cheltenham Drive, Katy, Texas 77450 (the "Property") being posted for non-judicial foreclosure. Plaintiff filed his first lawsuit in Harris County District Court on January 31, 2024.[1] Defendant removed the suit to the U.S. District Court for the Southern District of Texas on March 6, 2024, in Case No. 4:24-cv-00834 ("First Lawsuit"). Plaintiff and Defendant filed a joint stipulation of dismissal with prejudice on September 19, 2024 and the Order of Dismissal

---

[1] *Gilbert Flores, Jr. v. LoanDepot.com, LLC,* Cause No. 2024-06592, in the 125th Judicial District Court, Harris County, Texas.

was entered on September 20, 2024 (filed on September 22, 204). No appeal was filed and that judgment is final.

2.  Here, once again Plaintiff sues the same defendant as in the First Lawsuit, asserting claims based upon his default in the loan secured by the Property. In the First Lawsuit, Plaintiff brought claims for negligence, violation of RESPA, and violation of the Texas Property Code. In this suit, Plaintiff brings claims for breach of contract, violation of the Texas Debt Collection Act, violation of the Texas Property Code, negligent misrepresentation, and violation of RESPA. All claims asserted herein are either the same as previously asserted or based upon the same nucleus of operative fact – Plaintiff's loan, his default in the loan and the foreclosure of the Property. Based upon Plaintiff's First Lawsuit, this suit is barred by res judicata, therefore the Court should dismiss same with prejudice.

## II.
## ARGUMENT AND AUTHORITIES

### A.   The Applicable Standard for a 12(B)(6) Motion.

3.  To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, n.5 (2007). Even though the complaint is to be construed liberally and in the light most favorable to the nonmoving party, a plaintiff must plead enough facts to state a claim that is at least plausible on its face. *Id.* at 1973-74. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). A complaint must allege enough facts to move past possibility and on to

plausibility of "entitlement to relief." *Id*. at 1966. This standard is referred to as the "flexible plausibility standard." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

4. When the pleadings and judicially noticed facts establish the defense, a defendant may assert res judicata in a 12(b)(6) motion. *Hall v. Hodkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008); U.*S. ex rel. Long v. GSDMIdea City, L.L.C.,* 798 F.3d 265, 274 n.7 (5th Cir. 2015). Though, res judicata is not expressly listed as a defense that may be raised in a Rule 12(b) motion; "when a successful affirmative defense appears on the face of the pleadings," and matters the Court may judicially notice are available, "dismissal under Rule 12(b)(6) may be appropriate." *Pie Dev., LLC v. Pie Carrier Holdings, Inc.,* 24-60155, 2025 U.S. App LEXIS (5th Cir. Feb. 3, 2025); *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005).

**B.     Request for Judicial Notice.**

5. "When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.*

6. It is appropriate for the Court to take judicial notice of pleadings and orders in prior actions in the context of a motion to dismiss. *Meyers v. Textron, Inc.*, 540 Fed. Appx. 408, 410 (5th Cir. 2013); *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.1994) (federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss); *also*

*see Balogun v. JP Morgan Chase Bank,* 3:15-cv-3651, 2016 U.S. Dist. LEXIS 87404 (N.D. Tex. May 31, 2016)(court took judicial notice of motion and order entered in prior lawsuit).

7. Defendant requests the Court take judicial notice of all of the filings, claims and pleadings in the First Lawsuit (*Flores v. LoanDepot.com, LLC,* Case No. 4:24-cv-00834, in the U.S. District Court of the Southern District of Texas, Houston Division) as they are all public record. Fed. R. Evid. 201; *Krystal One Acquisitions, LLC v. Bank of Am., N.A.*, 805 F. Appx. 283, 287 (5th Cir. 2020) (permitting district court to take judicial notice of filings from prior lawsuits because such documents were public records); *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011).

8. Further, Defendant requests the Court take judicial notice of the publicly recorded documents as referenced in the Plaintiff's Complaint. "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* Further, The court may likewise take judicial notice of matters of public record, such as documents filed in the county property records. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

## C. Plaintiff's Claims Are Barred by Res Judicata.

9. The doctrine of res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Singh*, 428 F.3d at 571. Res judicata further serves to "[t]o prevent causes of action from being split, thus curbing vexatious litigation and promoting judicial economy." *Casterline v OneWest Bank, FSB,* 13-17-00118-cv, 2018 Tex. App. LEXIS 2582 (Tex. App.—Corpus Christi Apr. 12, 2018); *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206–07 (Tex. 1999). For a claim to be barred on res judicata grounds, the Fifth Circuit requires that: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Singh*, 428 F.3d at 571. When those elements are satisfied, res judicata "prohibits either party from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (emphasis in original); *see also In re Air Crash at Dallas/Fort Worth Airport on Aug. 2, 1985*, 861 F.2d 814, 816 (5th Cir. 1988) ("Res judicata extends to matters that should have been raised in the earlier suit as well as those that were."). All elements of res judicata apply to this lawsuit.

### a. The parties are identical or in privity.

10. The first element of res judicata requires that the parties are identical or be in privity with parties to the prior litigation. *Hous. Pro. Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013)). When determining privity, the court may look to the parties pre-existing legal relationships. *Taylor v. Sturgell*, 533 U.S. 880, 894 (2008). In the prior lawsuit, Plaintiff was Gilbert Flores and Defendant

was LoanDepot.com, LLC – thus the parties are identical. *See* Notice of Removal, Doc. 1, Case No. 4:241-cv-00402, also attached hereto as Exhibit A.

      **b.**    **Judgment in prior action was rendered by a court of competent jurisdiction.**

11.    The United States District Court for the Southern District of Texas, Houston Division (United States District Judge Andrew S. Hanen) entered the Order of Dismissal on Stipulation dismissing Plaintiff's claims with prejudice in the First Lawsuit. *See* Order at Doc. 12, Case No. 4:241-cv-00402, also attached hereto as Exhibit B. The above-referenced court is a court of competent jurisdiction, thus satisfying the second element of res judicata.

      **c.**    **The prior action was concluded by a final judgment on the merits.**

12.    There is no dispute that an Order of Dismissal on Stipulation was a final judgment dismissing all claims against LoanDepot.com, LLC with prejudice. The third element has been satisfied.

      **d.**    **The same claim or cause of action was involved in both actions.**

13.    In the First Lawsuit, Plaintiff brought claims for negligence, violation of RESPA, and violation of the Texas Property Code. In this suit, Plaintiff brings claims for breach of contract, violation of the Texas Debt Collection Act, violation of the Texas Property Code, negligent misrepresentation, and violation of RESPA. All claims asserted herein are either the same as previously asserted or based upon the same nucleus of operative fact – Plaintiff's loan, his default in the loan and the foreclosure of the Property, thus meeting the pragmatic transactional test utilized by the Fifth Circuit. See *Stafford v. Wilmington Trust, N.A., 23-10221,* 2023 U.S. App. LEXIS (5th Cir Sept. 26, 2023); citing *Singh*, 428 F.3d at 571 and *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). All elements of res judicata have been met in this matter and thus Plaintiff's case must be dismissed with prejudice.

## III.
## DISMISSAL WITH PREJUDICE

14. The Court should deny Plaintiff an opportunity to amend because any amendment to his pleadings would be futile as Plaintiff's claims are barred by res judicata. *See Pi Data Ctrs. Pvt. Ltd. V. Hpe Enters. Co.,* 2024 U.S. Dist. LEXIS 41879 (S.D. Tex. Mar. 11, 2024); citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329-30 (5th Cir. 2002). An amendment is considered futile if the amended complaint would still fail to state a claim. See *Mandujano v. City of Pharr, Texas*, 786 F. App'x 434, 438 (5th Cir. 2019); *Bernegger v. Dep't of Revenue*, 785 F. App'x 209, 211 n.1 (5th Cir. 2019).

15. Defendant's Motion to Dismiss should be granted because the Plaintiff has failed to state a claim upon which relief can be granted as his claims are all barred by res judicata. Further, even if allowed the opportunity to amend, Plaintiff cannot assert a viable claim against Defendant that is not subject to the res judicata bar. As such, Plaintiff's claims should be dismissed with prejudice pursuant to Rule 12(b)(6).

## IV.
## CONCLUSION

Pursuant the reasons set out herein, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint against them for failure to state a claim upon which relief can be granted and further requests that the Court grant them any and all additional relief, whether at law or in equity, to which they may be justly entitled.

Respectfully submitted,

By:   /s/ *Shelley L. Hopkins*
      Shelley L. Hopkins
      State Bar No. 24036497
      HOPKINS LAW, PLLC
      2802 Flintrock Trace, Suite B103
      Austin, Texas 78738

(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
RobertFO@bdfgroup.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and served a true and correct copy to the following:

***VIA ECF:***
Erick DeLaRue
Law Office of Erick DeLaRue, PLLC
2800 Post Oak Boulevard, Suite 4100
Houston, TX 77056
Email: erick.delarue@delaruelaw.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Shelley L. Hopkins*
Shelley L. Hopkins